# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MAYA WASHINGTON,<br><br>        Plaintiff<br><br>      v.<br><br>RUTH SINDT; ZACH HENDERSON;<br>MICHELLE GIBSON; GRANT GIBSON;<br>and SDR REALTY, LLC;<br><br>        Defendants. | CAUSE NO. 2:17-CV-25-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on pro se Plaintiff Maya Washington's motion to proceed in forma pauperis (DE 2). She is attempting to sue her landlord for various claims arising out of the lease agreement between them. For the reasons stated below, the Court DENIES the motion and DISMISSES the case for lack of subject matter jurisdiction.

**A.    Overview of the Case**

Plaintiff has made several claims fundamentally based on state landlord-tenant law. These claims relate to a residential lease signed between Plaintiff and Rishari Properties LLC. (DE 4-2:4). Rishari Properties, of Minneapolis, Minnesota, is listed on Plaintiff's eviction notice. Plaintiff's complaint is titled "Small Claims Lawsuit".

Plaintiff's claims include $2,100 for relocation assistance (DE 4-1); $700 as a returned security deposit (DE 1, 4-3); $150 for reimbursement for the purchase of a refrigerator; $1,000 to cover a loan she was forced to take from her uncle as a result of her landlord's alleged actions (DE 1); liquidated damages of seemingly less than $500 (DE 4-4, 4-5); and $30,000 for pain and

suffering experienced by Plaintiff and her two children ($10,000 each) (DE 1, 4). Plaintiff does not appear to calculate a total monetary demand in her filings, but the aforementioned amounts total to $34,450.

While Plaintiff submitted an inspection report by the Indiana Housing and Community Development Authority indicating Plaintiff's landlord may have violated Indiana law, Plaintiff cites to Washington state's Revised Code of Washington (RCW) for her legal authority. (*See*, *e.g.*, DE 4-3 (citing Wash. Rev. Code § 59.18.030 and 59.18.253).)

**B.** **Discussion**

Title 28 U.S.C. § 1915(e)(2)(B) directs courts to screen all complaints filed with requests to proceed in forma pauperis, and to dismiss the case if the court determines the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. The Court must first, however, determine whether it has subject matter jurisdiction over the case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 587–88 (1999)) (reaffirming all federal courts' "obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Federal courts have subject matter jurisdiction over cases which present a federal question, 28 U.S.C. § 1331; or when complete diversity of citizenship exists between plaintiffs and defendants and when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Plaintiff, as the proponent of jurisdiction, has the burden of showing—by a preponderance of the evidence—facts that suggest the amount-in-controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A good-faith estimate is acceptable if it is plausible

and supported by a preponderance of the evidence. *Id. See also Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

The Court finds no plausible showing that the amount-in-controversy in this case can exceed $75,000. Even if Plaintiff succeeded on all her claims, she does not even ask for $75,000; it is difficult to see how she could be awarded more. Furthermore, Plaintiff advances no federal question in her filings. Accordingly, this Court lacks subject matter jurisdiction.

Even if this Court were to acquire subject matter jurisdiction, however, 28 U.S.C. § 1915(e)(2)(B)(ii) would still require a dismissal. This subsection mandates dismissal of any matter proceeding in forma pauperis which fails to state a claim on which relief can be granted. Plaintiff does not cite to applicable law. Washington's landlord-tenant law does not ordinarily apply to residential leases made in Indiana. This Court would thus be required to dismiss this case even if it had—somehow—found jurisdiction over the matter.[1]

**C.    Conclusion**

This opinion should not be read to speak to the merits of Plaintiff's complaint under state law. This Court expresses no opinion regarding the potential success or failure of any claims she may or may not have against her former landlord. Rather, the Court finds itself without authority

---

[1] This Court cannot and will not offer legal advice, but it does take notice that the Indiana General Assembly provides free, online access to the Indiana Code at iga.in.gov/legislative/laws/2016/ic/, which purports to be current as of the 2016 Regular Session. If Ms. Washington wishes to pursue her claim in an Indiana state court—which may in fact have the ability to hear it—this may be a useful place to begin when looking for applicable law. Similarly, the judicial branch of Indiana provides the location and contact information of its courts in Lake County—the county in which Plaintiff currently resides—at in.gov/judiciary/3418.htm.

Nor is this Court able to transfer this matter to a state court. *See McLaughlin v. ARCO Polymers, Inc.*, 721 F.2d 426 (3d Cir. 1990) (finding that neither 28 U.S.C. § 1631 nor § 1447 authorized a district court to transfer to state court a matter originally filed there). The *McLaughlin* court did, ultimately, transfer the matter to state court, but did so under authority of state law. *See* 42 Pa. Cons. Stat. § 5103(b) (authorizing transfer of matters filed erroneously in federal court to Pennsylvania state court). Indiana's General Assembly has not passed such a law. Thus, if Plaintiff wishes to pursue her claim in another court, she must re-file it in that court.

to resolve the matter: to the extent Plaintiff's claims as filed can be brought anywhere, they must be brought in state court.

For the reasons stated above, the Court DENIES Plaintiff's motion to proceed in forma pauperis and DISMISSES the case for lack of subject matter jurisdiction.

SO ORDERED on May 15, 2017.

s/Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE